FILED JUL 7 - 2003
JUL 0 3 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CCC INFORMATION SERVICES, INC., <br> Plaintiff, | ) <br> ) Case No. 03 C 2695 <br> ) |
| v. | ) Judge Wayne R. Andersen <br> ) |
| MITCHELL INTERNATIONAL, INC., <br> Defendant. | ) Magistrate Judge Ian H. Levin <br> ) <br> ) |

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

As its Answer, Affirmative Defenses and Counterclaims to Plaintiff CCC Information Services, Inc.'s Complaint, Defendant Mitchell International, Inc. ("Mitchell") states as follows:

### ANSWER

#### Jurisdiction and Venue

1. This is a complaint for patent infringement arising under 35 U.S.C. § 271. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Mitchell admits that Plaintiff has attempted to state a claim for patent infringement under 35 U.S.C. § 271 and that this Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). To the extent that any statements in this paragraph might be considered factual allegations, Mitchell denies the remaining allegations of this paragraph and specifically denies that it has committed acts of patent infringement or that there is any basis for Plaintiff's action.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the Defendant resides in this district pursuant to 28 U.S.C. § 1391(a) and because a substantial part of its infringing activities have taken place in this district.

**ANSWER:** Mitchell admits that venue is proper in this judicial district. To the extent that any statements in this paragraph might be considered factual allegations, Mitchell denies the

1



remaining allegations of this paragraph and specifically denies that it has committed acts of patent infringement or that there is any basis for Plaintiff's action.

### The Parties

3.    Plaintiff CCC Information Services Inc. ("CCC") is a Delaware corporation having a principal place of business at 444 Merchandise Mart, Chicago, IL 60654. CCC owns the full and exclusive right, title and interest in the following United States Patent No. 5,950,169, entitled "System and Method for Managing Insurance Claim Processing," issued September 7, 1999 ('the '169 Patent"). A true copy of CCC's '169 Patent is attached as Exhibit 1. As the owner of the '169 Patent, CCC has standing to sue for its infringement.

**ANSWER:**    Mitchell admits that Plaintiff CCC Information Services Inc. ("CCC") is a Delaware corporation having a principal place of business at 444 Merchandise Mart, Chicago, IL 60654 and that United States Patent No. 5,950,169, entitled "System and Method for Managing Insurance Claim Processing," issued September 7, 1999. Mitchell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

4.    Defendant Mitchell International, Inc. ("Mitchell") is a Delaware corporation with its principal place of business at 9889 Willow Creek Road, San Diego, CA 92131. Mitchell transacts business in this district by, at least, advertising, promoting, offering to sell and selling products to customers in this judicial district, including products that infringe the '169 Patent as alleged herein.

**ANSWER:**    Mitchell admits that it is a Delaware corporation with its principal place of business at 9889 Willow Creek Road, San Diego, CA 92131. The second sentence of this paragraph paraphrases the Illinois Long-Arm statute, 735 ILCS 5/2-209(a)(1), entitled "Act Submitting to Jurisdiction." Mitchell admits that this Court has personal jurisdiction over Mitchell for purposes of this action. To the extent that any remaining statements in this paragraph might be considered factual allegations, Mitchell denies the remaining allegations of this paragraph and specifically denies that it advertises, promotes, offers to sell or sells any products to customers in this judicial district that infringe the '169 patent.

2

### Count I: Patent Infringement — U.S. Patent No. 5,950,169

5. Defendant Mitchell has infringed and continues to infringe the '169 Patent by making, using, selling and offering to sell, and by inducing and contributing to others' sales, offers for sale and use of, certain software, including but not limited to, Ultramate Advanced Estimating System, Version 4.8 ("Ultramate").

**ANSWER:** Denied.

6. For example, on information and belief, the Ultramate product includes functionality that permits users to process an insurance claim for a vehicle using a graphic user interface that provides an estimate comparison screen that simultaneously displays replacement cost data for original equipment manufacturer (OEM) parts, recycled parts, and after market parts, and displays a part repair cost. This compare feature is the subject of one or more claims of the '169 Patent.

**ANSWER:** Mitchell admits that claim 37 of the '169 patent contains the limitation "a graphic user interface at the second computer, the graphic user interface comprising an estimate comparison screen for displaying information on a selected one of the plurality of insurance claim datafiles, the estimate comparison screen simultaneously displaying replacement cost data for original equipment manufacturer (OEM) parts, recycled parts, and after market parts, and displaying a part repair cost." Mitchell denies the remaining allegations of this paragraph.

7. On information and belief, Mitchell has continued its infringement despite having notice of the '169 Patent. Mitchell has committed and is committing willful patent infringement.

**ANSWER:** Denied.

8. Mitchell's infringement has caused monetary damage and irreparable injury to CCC. Unless and until Mitchell's infringement is enjoined by this Court, it will continue to cause monetary damage and irreparable injury to CCC.

**ANSWER:** Denied.

### Response to Plaintiff's Prayer for Relief

Mitchell denies that Plaintiff is entitled to any relief whatsoever in this action either as prayed for in the Complaint or otherwise.

## AFFIRMATIVE DEFENSES

Mitchell alleges and asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

**First Affirmative Defense:** Based on paragraph six of the Complaint, and on information and belief, CCC alleges that Mitchell is infringing claim 37 of the '169 patent. Mitchell has not infringed, has not contributed to infringement by others of, and has not induced infringement by others of claim 37 of the '169 patent, or its dependent claims 38 and 39, either literally or under the doctrine of equivalents including, but not limited to, application of the doctrine of prosecution history estoppel.

**Second Affirmative Defense:** Based on paragraph six of the Complaint, and on information and belief, CCC alleges that Mitchell is infringing claim 37 of the '169 patent. Claim 37 of the '169 patent is invalid and unenforceable for failing to comply with one or more of the provisions of 35 U.S.C. §§ 101, 102, 103 and 112.

**Third Affirmative Defense:** Based on paragraph six of the Complaint, and on information and belief, CCC alleges that Mitchell is infringing claim 37 of the '169 patent. Should CCC assert any claims of the '169 patent in addition to claim 37, Mitchell is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery that it has not infringed, has not contributed to infringement by others of, and has not induced infringement by others of those claims, either literally or under the doctrine of equivalents including, but not limited to, application of the doctrine of prosecution history estoppel.

**Fourth Affirmative Defense:** Based on paragraph six of the Complaint, and on information and belief, CCC alleges that Mitchell is infringing claim 37 of the '169 patent. Should CCC assert any claims of the '169 patent in addition to claim 37, Mitchell is likely to

have evidentiary support after a reasonable opportunity for further investigation or discovery that those claims are invalid and unenforceable for failing to comply with one or more of the provisions of 35 U.S.C. §§ 101, 102, 103 and 112.

**Fifth Affirmative Defense:** CCC's request for preliminary injunctive relief is barred by the doctrine of laches.

**Sixth Affirmative Defense:** On information and belief, CCC's claim for damages for alleged infringement is barred in whole or in part by CCC's failure to comply with 35 U.S.C. § 287.

## COUNTERCLAIMS

Mitchell, for its counterclaims against CCC Information Services, Inc. ("CCC"), states as follows:

1. This is a civil action for a declaration of non-infringement and invalidity of United States Patent No. 5,950,169 ("the '169 patent"), arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

2. This Court has subject matter jurisdiction over this cause of action under 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has jurisdiction over CCC, and venue in this district is proper, because CCC has submitted to jurisdiction and venue in this district.

4. Mitchell is a Delaware corporation having a principal place of business at 9889 Willow Creek Road, San Diego, CA 92131.

5. CCC is a Delaware corporation having a principal place of business at 444 Merchandise Mart, Chicago, IL 60654.

5

6. On April 22, 2003, CCC filed a Complaint in this Court alleging that Mitchell infringes the '169 patent and that CCC owns the full and exclusive right, title and interest in, and has standing to sue for the infringement of, the '169 patent.

7. Paragraph six of CCC's Complaint alleges, "For example, on information and belief, the Ultramate product includes functionality that permits users to process an insurance claim for a vehicle using a graphic user interface that provides an estimate comparison screen that simultaneously displays replacement cost data for original equipment manufacturer (OEM) parts, recycled parts, and after market parts, and displays a part repair cost. This compare feature is the subject of one or more claims of the '169 Patent."

8. Claim 37 of the '169 patent contains the limitation "a graphic user interface at the second computer, the graphic user interface comprising an estimate comparison screen for displaying information on a selected one of the plurality of insurance claim datafiles, the estimate comparison screen simultaneously displaying replacement cost data for original equipment manufacturer (OEM) parts, recycled parts, and after market parts, and displaying a part repair cost."

9. Based on paragraph six of CCC's Complaint, and on information and belief, CCC alleges that Mitchell is infringing claim 37 of the '169 patent.

### Count I: Declaratory Judgment of Non-Infringement

10. Mitchell has not infringed, has not contributed to infringement by others of, and has not induced infringement by others of claim 37 of the '169 patent, or its dependent claims 38 and 39, either literally or under the doctrine of equivalents including, but not limited to, application of the doctrine of prosecution history estoppel.

11. Should CCC assert any claims of the '169 patent in addition to claim 37, Mitchell is likely to have evidentiary support after a reasonable opportunity for further investigation or

discovery that it has not infringed, has not contributed to infringement by others of, and has not induced infringement by others of those claims, either literally or under the doctrine of equivalents including, but not limited to, application of the doctrine of prosecution history estoppel.

## Count II: Declaratory Judgment of Invalidity

12. Claim 37 of the '169 patent is invalid and unenforceable for failing to comply with one or more of the provisions of 35 U.S.C. §§ 101, 102, 103 and 112.

13. Should CCC assert any claims of the '169 patent in addition to claim 37, Mitchell is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery that those claims are invalid and unenforceable for failing to comply with one or more of the provisions of 35 U.S.C. §§ 101, 102, 103 and 112.

## PRAYER FOR RELIEF

WHEREFORE, Mitchell respectfully requests that judgment be entered in its favor and against CCC and that Mitchell be granted the following relief:

(i) Dismissal of CCC's claims with respect to the '169 patent with prejudice;

(ii) Judgment declaring that the claims of the '169 patent are not infringed by Mitchell;

(iii) Judgment declaring that the claims of the '169 patent are invalid and/or unenforceable;

(iv) Judgment awarding Mitchell its costs incurred in the prosecution and defense of this action;

(v) Judgment declaring the case to be exceptional under 35 U.S.C. § 285 and awarding to Mitchell its reasonable attorneys' fees incurred in the prosecution and defense of this action; and

(vi) Judgment awarding Mitchell such other and further relief as the Court deems just and proper.

## REQUEST FOR JURY TRIAL

Mitchell hereby demands and requests trial by jury of all issues raised that are triable by jury.

Dated: July 3, 2002

Respectfully submitted,

By:

*[signature]*

James M. Amend, PC (ISBN 0042366)
Mark A. Pals (ISBN 6210751)
Laura A. TenBroeck (ISBN 6230394)
Daniel P. Williams (ISBN 6276178)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
Phone: (312) 861-2000
Fax: (312) 861-2200

*Attorneys for Defendant*
*Mitchell International, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS was served on July 3, 2003 via hand delivery to:

David A. Nelson
Maximilian A. Grant
Israel Sasha Mayergoyz
LATHAM & WATKINS LLC
Sears Tower – Suite 5800
Chicago, Illinois 60606

*Attorney for Mitchell International, Inc.*