**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CCC INFORMATION SERVICES, INC.,   ) | |
| ) | |
| **Plaintiff,**   ) | |
| ) | **03 C 2695** |
| v.   ) | |
| ) | **Magistrate Judge Maria Valdez** |
| MITCHELL INTERNATIONAL, INC.   ) | |
| ) | |
| **Defendant.**   ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This case involves an allegation that Defendant's software product infringes upon Plaintiff's '169 patent. Before this Court are two interrelated motions: (1) Defendant Mitchell's Motion for Order and Sanctions for CCC's Violation of the Protective Order [Doc. No. 76]; and (2) CCC's Motion to Compel Defendant Mitchell to Produce its Alleged Advice of Counsel Memorandum "In Its Entirety, without Redactions." [Doc. Nos. 80, 85].

**BACKGROUND**

This matter concerns disclosure of two redacted paragraphs contained within a legal memorandum relied upon by Defendant Mitchell in its defense against this action for willful infringement. In response to document production requests, Defendant Mitchell produced to the Plaintiff a legal memorandum dated May 8, 2003 from the law firm of Gray Cary. This legal memorandum contained two redacted paragraphs noted by the Defendant as protected by the attorney-client privilege and the work product doctrine. According to the Defendant the paragraphs relate to monetary damages and are not relevant to the issue of willful infringement. The Plaintiff initially challenged the privilege designation in May on relevancy grounds and on

the basis of an incomplete privilege log. Defendant countered in June that the designation was correct and provided additional information for the privilege log. No further objection was lodged by the Plaintiff and that appeared to be the end of the dispute.

However, a couple of months later, the Plaintiff issued a third-party subpoena to the law firm of Gray Cary. In response to the subpoena, on August 25, 2006 Gray Cary produced an un-redacted version of the legal memorandum at issue. On August 26, 2006, counsel for Defendant Mitchell advised Plaintiff's counsel of the inadvertent disclosure and requested all copies of the un-redacted memorandum returned or destroyed. Plaintiff initially refused to return or destroy all copies but ultimately did return all copies to the Defendant after Defendant filed its motion now before the Court.

As a preliminary matter, it is important to note that a Protective Order was in place during the relevant time period. The Protective Order provides that a party may in good faith designate a document confidential. (Def.'s Mem. in Supp. of its Mot. at Ex. A, ¶1.) The agreed order further provides that a party cannot retain copies of documents after being notified by the producing party that due to inadvertence or mistake the documents were erroneously produced. (*Id.* at ¶19.) The Plaintiff stated in open court that it has returned all copies of the un-redacted version of the Gray Cary document to the Defendant. Therefore, Defendant's motion, to the extent that it seeks compliance with the Protective Order, is hereby denied as moot. However, the Defendant has also moved for sanctions against the Plaintiff requesting the cost of attorneys' fees for the filing of the instant motion. Before addressing the issue of sanctions, this Court will turn to the related motion filed by the Plaintiff to deem the redacted portions discoverable on two grounds: (1) inadvertent waiver; and (2) subject matter waiver.

## DISCUSSION

A.      **Plaintiff's Motion to Compel**

   1.      **Inadvertent Waiver**

The attorney-client privilege may be waived by a knowing disclosure of confidential information to a third-party. *Beneficial Franchise Co., Inc. v. Bank One, N.A.*, 205 F.R.D. 212, 216 (N.D.Ill. 2001). The party seeking to assert the privilege bears the burden of showing that the privilege was not waived. *See U.S. v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997); *In re Consolidated Litig. Concerning Harvester Disposition of Wis. Steel*, 666 F. Supp. 1148, 1157 (N.D.Ill. 1987). And the burden of proving inadvertent disclosure is on the party asserting the privilege. *Harmony Gold U.S.A., Inc. v. FASA Corp.*, 169 F.R.D. 113, 116 (N.D.Ill. 1996).

Inadvertent disclosure can sometimes result in intentional waiver. *See Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1127 (7th Cir.1997). The reason for this is to punish the privilege-holder for the mistake of disclosure. *Id*. at 1127. But the severity of the punishment needs to fit the offense and the punishment should be proportionate to the seriousness of the mistake. *Id.* The standard for waiver of a privileged document due to inadvertence is a balancing test. Under this balancing test the court weighs: (1) the reasonableness of the precautions taken to prevent the disclosure, (2) the time taken to rectify the error, (3) the scope of the discovery, (4) the extent of the disclosure, and (5) the overriding issue of fairness. *Urban Outfitters, Inc. v. DPIC Co.*, 203 F.R.D. 376, 380 (N.D.Ill.2001).

Here, two paragraphs have been inadvertently disclosed during discovery by a former attorney of the Defendant. In support of its argument that no waiver has occurred, Defendant

3

Mitchell points to the timeliness of the notice of inadvertent disclosure and the protection afforded to the parties through the agreed Protective Order.

This Court does not find that the document sent by Gray Cary waived the standard protections afforded by the attorney-client privilege and work product doctrine invoked in this case. First, the inadvertent disclosure in this case was accomplished by third-party, Gray Cary, not by the holder of the privilege, Defendant Mitchell. *Lawrence E. Jaffee Pension Plan v. Household Int'l Inc.*, 237 F.R.D. 176, 184 (N.D.Ill. 2006) (the client as the holder of the privilege is the one to decide whether to waive the privilege). Second, the Protective Order entered into by the parties specifically states that any inadvertent disclosure of an otherwise protected document shall not constitute a waiver of the attorney-client privilege. (Def.'s Mem. in Supp. of its Mot. at Ex. A, ¶18.).

Defendant Mitchell initially, and throughout discovery, has persisted in its view that the redacted information is privileged. In fact, the Plaintiff did not seek to challenge this position when Defendant Mitchell originally defended its assertion back in June of this year. It was only due to the disclosure of the redacted paragraphs by non-trial counsel did Plaintiff read the un-redacted portions, and believing that they were not protected, filed its related motion to deem the challenged portion waived.

Here we have the situation that even if "inadvertent disclosure" was to be found to apply the inadvertent disclosure is complete – Plaintiff has read the redacted information. *See Draus v. Healthtrust, Inc.*, 172 F.R.D. 384, 389 (S.D.Ind. 1997) (extent of disclosure complete when opposing party had opportunity to read the document prior to the request to return the letter).

4

Further, "[t]he disclosure of the [paragraphs] is a bell that has already been rung. The court cannot unring it by ordering that copies be returned to [Mitchell]." *Id.*

But knowing something and being able to delve into it for purposes of discovery is two different matters. Therefore, the Court will address the merits of whether the redacted information, although not subject to disclosure as inadvertently waived, is nonetheless discoverable under the "same subject matter" waiver contained within an advice-of-counsel defense.

### 2. Same Subject Matter Waiver

Plaintiff asserts that the redacted portions of the Gray Cary memorandum are not sufficiently privileged because the subject matter of the redacted text relates to the issue of willful infringement and is thus relevant. Defendant argues that the redacted portions do not concern willful infringement, but only relate to "monetary damage issues."[1]

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets the general parameters of permissible discovery. Under 26(b)(1) parties may obtain discovery regarding "any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery." The key issue that arises in the context of the advice-of-counsel opinion in this case relates to the scope of waiver of the attorney-client privilege and work product doctrine. Generally, to determine whether waiver of the attorney-client privilege exists we look to Seventh Circuit law. *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1346 (Fed. Cir. 2005) *cert. denied*, 126 S.Ct. 1768 (2006) (the Federal

---

[1] This Court has undertaken an *in camera* review of the two redacted paragraphs at issue and determines that the information relates to a legal assessment of the potential monetary damages at issue.

Circuit "applies the law of the regional circuit . . . with respect to questions of attorney-client privilege and waiver of attorney-client privilege"). However, because the issue before the court involves the *scope of a waiver* where advice of counsel has been raised by the defendant to an assertion of willful infringement, the Federal Circuit law governs. *See In re EchoStar Comms. Corp.*, 448 F.3d 1294, 1298 (Fed. Cir. 2006) ("[Q]uestions of privilege and discoverability that arise from assertion of the advice-of-counsel defense necessarily involve issues of substantive patent law"). This principle applies to issues regarding the discoverability of documents as well. *Id.*

It is well-settled that when a party relies upon the advice of counsel to defend against willful infringement, "the attorney-client privilege is waived." *Id.* at 1299. The "widely applied standard for determining the scope of a waiver of attorney-client privilege is that the waiver applies to all of the communications relating to the same subject matter." *Id.* (quoting *Fort James,* 412 F.3d at 1349). The "goal of the 'same subject matter' standard is to ensure that a client . . . cannot use waiver of the privilege as a sword as well as a shield." *Eco Manufacturing LLC v. Honeywell Int'l, Inc*., No. 1:03-CV-0170, 2003 WL 1888988, at *2 (S.D.Ind. Apr. 11, 2003). On the other hand, "selective waiver of the privilege may lead to the inequitable result that the waiving party could waive its privilege for favorable advice while asserting its privilege on unfavorable advice." *EchoStar*, 448 F.3d at 1301 (internal citation omitted).

Plaintiff argues that Defendant's redactions are subject to disclosure because they are contained within the advice-of-counsel memorandum which was reviewed by Mitchell and relied upon in its defense. Thus, according to the Plaintiff, it is relevant information to determine the "state of mind" of the Defendant in choosing to go forward with its product, in spite of a

6

potential infringement action. Defendant Mitchell counters that two distinct subject matters are contained within the Gray Cary memorandum – non-infringement and a discussion of potential damages. Although Defendant Mitchell acknowledges that the non-infringement discussion is subject to waiver, it claims that a discussion of potential damages is not relevant to willful infringement.

> In *EchoStar* the court addressed the principle that
>
> waiver extends only so far as to inform the court of the <u>infringer's</u> state of mind. Counsel's opinion is not important for its legal correctness. It is important to the inquiry [of] whether it is "thorough enough as combined with other factors, to instill a belief in the infringer that a court might reasonably hold the patent is invalid, not infringed or unenforceable."

*EchoStar*, 448 F.3d at 1303 (quoting *Ortho Pharm Corp. v. Smith*, 959 F.2d 936, 944 (Fed. Cir. 1992) (emphasis in original)). In relying upon an advice-of-counsel defense, the accused infringer generally waives the protections of the attorney-client privilege and the work-product doctrine to all communications and documents that bear on the issue of the competency of the opinion and the reasonableness of the accused infringer's reliance on the opinion.

The court in *EchoStar* did not directly address whether the same subject matter waiver extends beyond the specific defense at issue to include all defenses. And, predictably, the courts that have reviewed this issue post-*EchoStar* are split. *See Informatica Corp. v. Bus. Objects Data Integration, Inc.*, No. C-02-3378, 2006 WL 2329460, at *1 (N.D.Cal. Aug. 9, 2006) (waiver extends to the opinion which the defendant relies upon); *Beck Sys., Inc. v. Managesoft Corp.*, No. 05-C-2036, 2006 WL 2037356, at *1 (N.D.Ill. July 14, 2006) (limiting waiver to "attorney-client communications and work-product material on the same subject matter as the legal opinions on which it relies"); *Intex Recreation Corp. v. Team Worldwide Corp.*, 439 F.

7

Supp. 2d 46, 49 (D.D.C. 2006) (holding that the subject matter waiver scope is expanded to include all defenses – infringement, validity, and enforceability); *Affinion Net Patents, Inc. v. Maritz, Inc*., 440 F.Supp.2d 354, 356 (D.Del. 2006) (holding that the advice-of-counsel privilege waiver applied to any defense to infringement).

Plaintiff, in this case, does not argue that the redacted information may be relevant to all defenses. Plaintiff argues that the information is relevant to the advice-of-counsel defense against willfulness. As such, this Court need not address the issue left open in *EchoStar*.

Focusing on the relevancy of the information to the issue of willfulness, the Court must resolve whether the potential damage discussion is of the same subject matter as the opinion of non-infringement. "There is no bright line test for determining what constitutes the subject matter of a waiver, rather courts weigh the circumstances of the disclosure, the nature of the legal advice sought and the prejudice to the parties of permitting or prohibiting further disclosures." *Fort James Corp*., 412 F.3d at 1349-50.

Courts have found that not all information contained in advice-of-counsel discovery is subject to disclosure. In an attempt to strike a balance between expanding the scope of waiver to post-filing opinions and trial strategy, one court allowed redaction of information "that [an alleged infringer] views as solely related to trial strategy." *See TiVo Inc. v. EchoStar Comm. Corp.*, No. 2:04-CV-1, 2005 WL 4131649, at *8 (E.D.Tex. Sept. 26, 2005). This is generally consistent with the Federal Circuit's limitation on the discoverability of documents relating to litigation strategy. *See EchoStar*, 448 F.3d at 1302-03. Other courts have shielded information that is not related to the defense at issue. *See Nitinol Medical Technologies, Inc. v. AGA Medical Corp.*, 135 F. Supp. 2d 212, 217 (D.Mass. 2000) (the issues of validity and enforceability are

8

separate subject matters from infringement); *Saint-Gobain/Norton Industrial Ceramics Corp. v. General Electric Co.*, 884 F. Supp. 31, 33-34 (D.Mass. 1995) (production of opinions on patent validity does not waive privilege as to documents pertaining to advice on infringement or unenforceability); *Micron v. Pall*, 159 F.R.D. 361, 365 (D.Mass. 1995) (waiver will be narrowly construed, portions of opinion not relied upon in defense may be redacted).

On the other hand, at least one court has found that the entirety of the advice-of-counsel communication must be disclosed without redaction. *Steelcase Inc. v. Haworth*, 954 F. Supp. 1195, 1198 (W.D. Mich. 1997) ("Because of the centrality of the opinion letter itself under Federal Circuit analysis, the opinion must be produced in its entirety, without redaction. If the opinion happens to contain irrelevant information, production of that information is a consequence of defendant's decision to waive the privilege."). The *Steelcase* opinion takes a broad view of waiver, a view that has been tempered by the *EchoStar* decision.

In *EchoStar* the court's underlying rationale was to prevent the selective disclosure of advice regarding liability. Accordingly, the court held that relying on the advice of counsel to defend against a charge of willfulness only waived protections to material communicated to the client or uncommunicated material that embodies or discusses specific communications with the client relating to the subject matter of the advice of counsel relied upon. *EchoStar,* 448 F.3d at 1304 ("[W]hen an alleged infringer asserts its advice-of-counsel defense regarding willful infringement of a particular patent, it waives its immunity for any document or opinion that embodies or discusses a communication to or from it concerning whether that patent is valid, enforceable, and infringed by the accused.").

9

At the core of the court's holding was preventing "selective waiver of the privilege [which] can lead to the inequitable result that the waiving party could waive its privilege for favorable advice while asserting its privilege on unfavorable advice." *Id.* at 1301. Thus, only communications relevant to "favorable" or "unfavorable" advice on the underlying issue of liability are potentially relevant to the alleged infringer's state of mind.

Here, Gray Cary gave an opinion that the accused product did not infringe Plaintiff's patent. The two redacted paragraphs address potential damages in the event of a finding of liability. Plaintiff argues that disclosure of the two paragraphs is relevant as it goes to the reasonableness of Defendant's reliance on the legal opinion. The reasonableness of an alleged infringer's reliance on advice of counsel is an important factor in determining whether infringement was willful. *Simmons, Inc. v. Bombardier, Inc*., 221 F.R.D. 4, 9 (D.D.C. 2004). Further, as stated previously, in evaluating the competency of a legal opinion, the central question is what is in the alleged infringer's mind. *Ortho Pharm. Corp.*, 959 F.2d at 944. Plaintiff insists that the redacted information would have been a factor in the Defendant's decision to continue selling the accused product, even in light of infringement. And, this information may very well be relevant to that inquiry. But, relevancy is not the only consideration this Court must address. The issue is whether the damages discussion is of the "same subject matter" as the liability discussion.

The thrust of the Gray Cary memorandum is a brief, yet clear position, that the accused product does not literally infringe. The Plaintiff is entitled to examine the "non-infringement" opinion on whether it is "thorough enough, as combined with other factors, to instill a belief in the infringer that a court might reasonably hold the patent is invalid, not infringed, or

unenforceable." *Ortho Pharm Corp.* 959 F.2d at 944. But a "thorough" opinion need not consider the potential of damages as damages are not a necessary fact to consider in a liability analysis. The subject matter of an advice-of-counsel opinion is whether liability exists.

After a review of the redacted portions of the Gray Cary memorandum and applying the principle in *EchoStar* that the scope of waiver is limited to the same subject matter of the legal opinion at issue, this Court finds that the information in the redacted portion relates solely to the issue of potential damages and is not within the same subject matter as the relevant topic addressed in an advice-of-counsel defense, which is liability. As such, this Court will not compel disclosure of the redacted portions of the Gray Cary memorandum.

B. **Defendant's Motion for Sanctions**

Defendant moves for sanctions based on Plaintiff's non-compliance with its obligations under the agreed Protective Order entered in this case in refusing to return or destroy all copies of the inadvertently disclosed un-redacted Gray Cary memorandum. In so moving, Defendant has also advised this Court of Plaintiff's non-compliance with Local Rule 37.2. First, the Court is concerned that the Plaintiff failed to abide by the Local Rules in filing its discovery motion. The purpose of Local Rule 37.2 is to avoid judicial intervention in matters that can be resolved through discussion and negotiation. Defendant is right to complain that Plaintiff violated Local 37.2 by failing to confer in good faith prior to seeking court intervention with respect to its Motion to Compel. But, the Court has considered the merits of Plaintiff's motion, which really was a response to Defendant's motion because the motions are interrelated, and Defendant has suffered no prejudice from the violation of the meet and confer rule. In this instance, this Court

exercises its discretion to excuse any non-compliance with Local Rule 37.2. *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995) (stating the "decision whether to apply [a local] rule strictly or to overlook any transgression is one left to the district court's discretion"). For similar reasons, this Court will deny the Defendant's motion for sanctions in the form of attorneys' fees and costs associated with the filing of its motion to compel and responding to the Plaintiff's motion to compel. By this ruling, the Court is in no way is sanctioning Plaintiff's non-compliance with the agreed Protective Order and will not excuse such actions in the future.

## CONCLUSION

The Court rules that Defendant Mitchell's Motion for Order and for Sanctions for CCC's Violation of the Protective Order [Doc. No. 76] is hereby denied. The Court further rules that Plaintiff CCC's Motion to Compel Defendant Mitchell to Produce its Alleged Advice of Counsel Memorandum "In Its Entirety, without Redactions" [Doc. Nos. 80, 85] is also hereby denied.

**SO ORDERED.**  **ENTERED:**

**DATE:** **December 01, 2006**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**